```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
ALEXANDER INTERACTIVE, INC.,         : 12 Civ. 6608 (PKC) (JCF)
ALEXANDER SCHMELKIN, and JOSH        :
LEVINE,                              :           MEMORANDUM
                                     :           AND ORDER
             Plaintiffs,             :
                                     :
     - against -                     :
                                     :
ADORAMA, INC., ADORAMA ENTERPRISES   :
LLC, EUGENE MENDLOWITS, and MENDEL   :
MENDLOWITS,                          :
                                     :
             Defendants.             :
- - - - - - - - - - - - - - - - - - -:
MENDEL MENDLOWITS, ADORAMA           :
ENTERPRISES LLC, ADORAMA, INC., and  :
EUGENE MENDLOWITS,                   :
                                     :
             Counter Claimants,      :
                                     :
     - against -                     :
                                     :
ALEXANDER INTERACTIVE, INC, JOSH     :
LEVINE, and ALEXANDER SCHMELKIN,     :
                                     :
             Counter Defendants.     :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, the defendants in this action -- Adorama, Inc., Adorama Enterprises, LLC, Eugene Mendlowits, and Mendel Mendlowits (collectively, "Adorama") -- seek to amend their counterclaims to include the remedy of specific performance. (Adorama, Inc.'s Memorandum of Law in Support of its Motion to Amend its

1

Counterclaims ("Def. Memo.")). The plaintiffs, Alexander Interactive, Inc., Alexander Schmelkin, and Josh Levine (collectively, "Alexander Interactive" or "AI") oppose the motion. For the following reasons, the motion is granted.

Background

A brief background will suffice for the purposes of this motion; a fuller description of the litigation can be found in the Memorandum and Order dated December 4, 2013. <u>Alexander Interactive, Inc. v. Adorama, Inc.</u>, No. 12 Civ. 6608, 2013 WL 6283511, at *1 (S.D.N.Y. Dec. 4, 2013). In 2010, Alexander Interactive, a website design company, entered into an agreement with Adorama, an electronics retailer. (Second Amended Complaint ("2d Am. Compl."), ¶¶ 9-10, 15). Under the agreement, Alexander Interactive was to build Adorama a new website, which would run on a Magento eCommerce platform. (2d Am. Compl., ¶¶ 15, 19). The agreement never did run smoothly and was plagued by a series of delays and disagreements about the scope and quality of the work. (2d Am. Compl., ¶¶ 37-39).

After an initial May 2011 deadline passed, Adorama launched a revamped "interim" website in late 2011. (2d Am. Compl., ¶ 48; Answer, Affirmative Defenses and Counterclaims ("Answer"), ¶¶ 249-252). The parties continued to work toward a finalized website, but were unable to agree on key "Code Deliverables" designed by

Alexander Interactive. (Answer, ¶¶ 253-54, 256-59). Alexander Interactive sent a termination notice in March 2012. (2d Am. Compl., ¶¶ 37-39). In August 2012, Alexander Interactive sued Adorama, alleging that Adorama's re-engineered website illegally incorporated code developed by Alexander Interactive and this infringed its intellectual property. (2d Am. Compl., ¶¶ 44-57, 61-65). The defendants asserted a host of counterclaims in January 2013, alleging that Alexander Interactive wrongfully terminated the contract, failed to meet deadlines, misrepresented its capabilities, and delivered shoddy work that had not been quality-tested. (Answer, ¶¶ 213, 215, 217-20, 228, 230-34, 253-58, 275-81, 312-322). Adorama now seeks to add specific performance to its requested remedies. (Defendants' Motion to Amend Its Counterclaims). The plaintiffs assert that the amendment should be barred as untimely, unduly prejudicial, and futile.

Discussion

Rule 15 of the Federal Rules of Civil Procedure provides that courts should "freely give" leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); see also Foman v. Davis, 371 U.S. 178, 182 (1962); see Aetna Casualty & Surety Co. v. Aniero Concrete Co., 404 F.3d 566, 603–04 (2d Cir. 2005). Motions to amend should therefore by denied only for reasons of undue delay, bad faith or dilatory motive, undue prejudice to the non-moving

party, or futility.  See Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008) (citing Foman, 371 U.S. at 182); McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007); In re Alcon Shareholder Litigation, 719 F. Supp. 2d 280, 281-82 (S.D.N.Y. 2010).  The court has broad discretion over such motions.  See McCarthy, 482 F.3d at 200.

    A. Delay

Adorama's motion to amend comes eleven months after it filed its counterclaims.  The plaintiffs argue that this delay violates the standing scheduling order in the case and unduly prejudices them by coming at the end of discovery. (Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Amend Their Counterclaims ("Pl. Memo.") at 2-3, 6-7).  However, the Second Circuit has repeatedly recognized that "[m]ere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend."  State Teachers Retirement Board v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981); Parker v. Columbia Pictures Industries, 204 F.3d 326, 339 (2d Cir. 2000); Rotter v. Leahy, 93 F. Supp. 2d 487, 497 (S.D.N.Y. 2000) ("Typically, the moving party's delay, standing alone, is not sufficient reason to foreclose amendment.").  If, however, a motion to amend comes after a lengthy delay, "it is incumbent upon the movant to offer a valid explanation for the delay."  Deere v.

Goodyear Tire and Rubber Co., 175 F.R.D. 157, 166 (N.D.N.Y. 1997); see also Oneida Indian Nation of New York State v. County of Oneida, 199 F.R.D. 61, 74 (N.D.N.Y. 2000) ("Delay must be considered in context; not all delay will result in denial of a motion to amend."). The defendants attribute the delay to the "eighteen months [Adorama spent] building its website internally" before concluding that "it cannot create a site with all the features and capabilities the AI built site using the Magento platform was to have." (Def. Memo. at 8). Given the liberal standard for motions to amend, this explanation is sufficient. See, e.g., Oneida Indian Nation, 199 F.R.D. at 77 (crediting an explanation even where it was described as "not entirely to the court's satisfaction."). Indeed, courts have routinely granted leave to amend where the delay was much longer than eleven months. See Commander Oil Corp. v. Barlo Equipment Corp., 215 F.3d 321, 333 (2d Cir. 2000) (no abuse of discretion in grant of leave to amend after seven year delay, in absence of prejudice); Rachman Bag Co. v. Liberty Mutual Insurance Co., 46 F.3d 230, 235 (2d Cir. 1995) (leave to amend properly granted after four-year delay); Block v. First Blood Associates, 988 F.2d 344, 351 (2d Cir. 1993) (amendment allowed four years after complaint filed).

   B. Undue prejudice

   Adorama contends that Alexander Interactive will not be unduly

5

prejudiced by the amendment because adding additional forms of relief "requires no new discovery and does not raise any new issues in the case." (Adorama Inc.'s Reply Memorandum of Law in Support of its Motion to Amend its Counterclaims at 6). Alexander Interactive argues that seeking specific performance is a "radical new approach" that would entail reopening "many, if not most" of the fifteen depositions conducted in the case. (Affirmation of Kenneth P. Norwick dated Dec. 13, 2013 ("Norwick Aff."), ¶¶ 11-12). However, an "adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." DiFilippo v. Barclays Capital, Inc, No. 05 Civ. 4990, 2006 WL 1716860 (S.D.N.Y. June 20, 2006) (quoting United States v. Continental Illinois Bank & Trust Co., 889 F.2d 1248, 1255 (2d Cir. 1989)). In addition, as noted by the defendants and conceded by the plaintiffs, the issue of specific performance was raised in several depositions. (Def. Memo. at 6; Norwick Aff., ¶ 24).

It is undue prejudice, not prejudice itself, that justifies a denial of leave to amend. See A.V. by Versace, Inc. v. Gianni Versace S.p.A., 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000); see also Oneida Indian Nation, 199 F.R.D. at 77 (noting where moving party provides an explanation for delayed amendment, opposing party must make "greater showing" of prejudice). In deciding whether undue

prejudice exists, courts should consider whether the new claim would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." Monahan v. New York City Department of Corrections, 214 F.3d 275, 284 (2d Cir. 2000) (quoting Block, 988 F.2d at 350); Zoll v. Jordache Enterprises, Inc., No. 01 Civ. 1339, 2002 WL 485733, at *1 (S.D.N.Y. March 29, 2002). Whether a party had prior notice of a claim and whether the new claim arises from the same transaction as the claims in the original pleading are central to this determination. See Monahan, 214 F.3d at 284. Alexander Interactive bears the burden "of demonstrating that substantial prejudice would result were the proposed amendment to be granted." Oneida Indian Nation, 199 F.R.D. at 77; see also ResQNet.com v. Lansa, Inc., 382 F. Supp. 2d 424, 449 (S.D.N.Y. 2005), rev'd on other grounds, 594 F.3d 860 (Fed. Cir. 2010).

Only the first two factors are at issue here. And, while the remedy sought may seem facially inconsistent with Adorama's counterclaims, the facts on which it relies -- in essence, Alexander Interactive's ability to perform under the agreement -- have been among the central contentions of the case. See Michalek v. Amplify Sports & Entertainment LLC, No. 11 Civ. 508, 2012 WL

2357414, at *5 (S.D.N.Y. June 20, 2012) (noting that "'where the proposed amendment arises from the same set of operative facts as the original claims, or from events closely related to those originally pleaded,' 'the mere fact that discovery has concluded does not provide a reason for denying leave to amend.'") (quoting Kreinik v. Showbran Photo, Inc., No. 02 Civ. 1172, 2003 WL 22339268, at * 10 (S.D.N.Y. Oct. 14, 2003)).  Furthermore, there are no pending dispositive motions nor has a trial date been set. JPMorgan Chase Bank, N.A. v. IDW Group, LLC, No. 08 Civ. 9116, 2009 WL 1357946, at *5 (S.D.N.Y. May 12, 2009) (granting motion to amend where no pending dispositive motions or trial date, and "the legal issues raised by the proposed amendment . . . overlap considerably with . . . the original claims."). Under these circumstances, there is no undue prejudice, as "[a]llegations that an amendment will require the expenditure of additional time, effort, or money do not [themselves] constitute undue prejudice." A.V. by Versace, Inc., 87 F. Supp. 2d at 299 (internal quotation marks omitted). Although this motion comes at the end of discovery, this in itself is not enough to deny the motion. See, e.g., Duling v. Gristede's Operating Corp., 265 F.R.D. 91, 97 (S.D.N.Y. 2010) (noting that "under the liberal standard of Rule 15(a), leave to amend may be appropriate at any stage of litigation").

C. Futility

Leave to amend may also be denied as futile when the pleading would not survive a motion to dismiss. See AEP Energy Services Gas Holding Co. v. Bank of America, N.A., 626 F.3d 699, 726 (2d Cir. 2010); Slay v. Target Corp., No. 11 Civ. 2704, 2011 WL 3278918, at *2 (S.D.N.Y. July 20, 2011) ("Futility generally turns on whether the proposed amended pleading states a viable claim."); Penn Group, LLC v. Slater, No. 07 Civ. 729, 2007 WL 2020099, at *4 (S.D.N.Y. June 13, 2007) (collecting cases). If the amendments are colorable, "especially where they are based upon disputed facts, they should be allowed, and a comprehensive legal analysis deferred to subsequent motions to dismiss or for summary judgment." Cinelli v. Oppenheim-Ephratah Central School District, No. 6:07-CV-235, 2008 WL 111174, at *1 (N.D.N.Y. Jan. 7, 2008); Saxholm AS v. Dynal, Inc., 938 F. Supp. 120, 124 (E.D.N.Y. 1996) ("If the proposed claim sets forth facts and circumstances which may entitle the plaintiff to relief, then futility is not a proper basis on which to deny the amendment."). Accordingly, applying the same standard as to a Rule 12(b)(6) motion to dismiss, the court must accept the facts alleged by Adorama as true and construe them in the light most favorable to the defendants. See Aetna, 404 F.3d at 604. Alexander Interactive bears the burden of establishing that leave to amend would be futile. Sotheby's, Inc. v. Minor, No. 08 Civ. 7694, 2009 WL

3444887, at *3 (S.D.N.Y. Oct. 26, 2009); ResQNet.com, 382 F. Supp. 2d at 449.

Under New York law, specific performance may be granted when (1) a valid contract exists; (2) the plaintiff has substantially performed under the contract, and is willing and able to perform any remaining obligations; (3) the defendant is able to perform its contractual obligations; and (4) the plaintiff has no adequate remedy at law.  See, e.g., Wells Fargo Bank, N.A. v. Bank of America, N.A., No. 11 Civ. 4062, 2013 WL 372149, at *8 (S.D.N.Y. Jan. 31, 2013) (citation omitted); DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 345 (S.D.N.Y. 2009).  The court has the discretion to grant specific performance when "the subject matter of the particular contract is unique and has no established market value," and therefore money damages cannot assure adequate substitute performance.  Sokoloff v. Harriman Estates Development Corp., 96 N.Y.2d 409, 415, 729 N.Y.S.2d 425, 429 (2001) (internal quotation marks omitted); Barton Group, Inc. v. NCR Corp., 796 F. Supp. 2d 473, 502 (S.D.N.Y. 2011), aff'd, 476 F. App'x 275 (2d Cir. 2012). Specific performance remains an "extraordinary remedy" only appropriate when "remedies at law are incomplete and inadequate to accomplish substantial justice." Barton Group, Inc., 796 F. Supp. 2d at 502 (internal quotation marks omitted).  It is inappropriate where the terms of the underlying contract are indefinite or leave

room for reasonable minds to disagree over its performance. See Netherby Ltd. v. Jones Apparel Group, Inc., No. 04 Civ. 7028, 2007 WL 1041648, at *20 (S.D.N.Y. April 5, 2007); see also Marriott International, Inc. v. Eden Roc, LLLP, 104 A.D.3d 583, 584, 962 N.Y.S.2d 111, 112 (1st Dep't 2013) (discretion inherent in personal services contract prohibited enforcement through specific performance).

Here, Adorama has sufficiently stated that the conditions for ordering specific performance may be present. A contract exists between Adorama and Alexander Interactive, and Adorama claims that it has substantially performed its obligations. (Def. Memo. at 7; Answer, ¶ 173). Adorama further asserts that, notwithstanding its claims that Alexander Interactive "repeatedly submitted deficient . . . Deliverables" (Answer, ¶ 218), only Alexander Interactive is able to successfully build a new Adorama website on a Magento eCommerce platform (Def. Memo. at 4-5). Finally, Adorama contends that without specific performance, it will have to completely redesign a new website, "start[ing] over from scratch" with new designs and a new architectural plan, and will lose the benefit of the expertise developed by Alexander Interactive. (Def. Memo. at 5). At this stage, this showing is sufficient to survive a motion to dismiss. See Fillmore West Fund, L.P. v. JPMorgan Chase Bank, N.A., No. 652360/12, 2013 WL 5745286, at *5 (N.Y. Sup. Ct. Oct. 15,

2013) (noting that entitlement to specific performance "is an issue that should not be determined on a motion to dismiss") (citing Sokoloff, 96 N.Y.2d at 415, 729 N.Y.S.2d at 429). Whether the allegedly highly-discretionary nature of Alexander Interactive's contractual obligations or the "poisonous nature of the parties' relationship and their utter lack of trust and respect for each other" (Pl. Memo. at 3) ultimately scuttle Adorama's request for specific performance is a matter for another day.

Similarly, the fact that Adorama now seeks two alternate measures of recovery does not render the amendment futile. The case is not yet at the point of summary judgment, and inconsistent theories of recovery are permitted at the pleading stage. See Sotheby's, Inc., 2009 WL 3444887, at *5 (quoting Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency.")).

Conclusion

For the foregoing reasons, the defendants' motion to amend its counterclaims (Docket no. 62) is granted.

SO ORDERED.

*James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:     New York, New York
           January 13, 2013

Copies mailed this date:

Denise L. Savage, Esq.
Savage & Associates, P.C.
400 Blinn Road
Suite 1010
Croton-on-Hudson, NY 10520

Kenneth P. Norwick, Esq.
Norwick, Schad & Goering
110 East 59th Street, 29th Flr
New York, NY 10022

Matthew H. Sheppe, Esq.
Eric J. Vardi, Esq.
Reiss Sheppe LLP
425 Madison Ave.
New York, NY 10017

Patrick J. Sweeney, Esq.
Holland & Knight LLP
31 West 52nd St.
New York, New York 10019