# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Patrick J. Sweeney
(212) 513-3547
patrick.sweeney@hklaw.com

May 19, 2014

**VIA ECF**

Hon. James C. Francis
United States District Court
500 Pearl Street
New York, New York  10007-1312

     Re:    *Alexander Interactive Inc. v. Adorama, Inc.*, No. 12-CV-6608 (PKC) (JCF)

Your Honor:

     On behalf of non-party Magento, Inc. ("Magento"), we respectfully submit this letter to alert the Court to Magento's still pending request for sanctions in the form of costs and fees, which request was part of its Opposition to Plaintiff's Motion to Compel [Doc. No. 139].  In their reply [Doc. No. 143], Plaintiffs withdrew the motion as against Magento.  In the course of doing so, however, Plaintiffs did address Magento's request for fees.  Accordingly, Magento respectfully submits that its request is still pending and, Plaintiffs having responded thereto, the issue is fully joined and ready for adjudication.

     Rule 11 imposes upon all counsel—including Plaintiffs' counsel—a duty to confirm that legal contentions submitted to the Court are warranted by existing law. *See* Fed. R. Civ. P. 11. Yet, here, Plaintiffs' counsel admits that she filed the motion to compel without ever confirming that her legal contentions were supported by existing law. *See* Reply at ¶ 6 ("Plaintiffs' counsel, having never addressed this issue, was unaware of this case law.").  Incredibly, she apparently offers ignorance of the law as an excuse for filing a motion that was not warranted by existing law.  On this basis alone, sanctions in the form of fees and costs should be assessed.

     I am compelled further to correct Plaintiffs' counsel's mischaracterization of our meet and confer insofar as she asserts that I "was provided the opportunity but never discussed or cited any case law which [I] alleged provided that documents requested pursuant to a Rule 45 subpoena are limited to those existing up through the date of the subpoena." *See id.*  In fact, I did not affirmatively allege the existence of any relevant legal authority.  Rather, I asked Plaintiff's

May 19, 2014
Page 2

counsel "if she knew of any legal authority that would suggest a Rule 45 Subpoena imposed a continuing duty that would require the production of documents that did not exist at the time the subpoena issued." Sweeney Dec. [Doc. No. 138], ¶ 11. At that time, she answered that she was not prepared to engage in legal argument. *Id.*, ¶ 12. I did not, as argued by Plaintiffs' counsel, cite her inability to provide legal authority to suggest that she failed to properly negotiate. *See* Reply at ¶ 7. Rather, my clear intent was to underscore her recklessness in asserting legal claims that have no legal authority. That is, I first noted the absence of any authority in my March 25, 2014 letter to Plaintiff's counsel and then asked her during the meet and confer if she had any authority and finally noted that, in her motion papers filed three days later, she still failed to proffer any such authority. Sweeney Dec., ¶¶ 9-13. Ignorance is no excuse for failing to apprise herself of the relevant case law before filing a motion.

      Plaintiffs' counsel should not be permitted yet another pass on what has become her serial abuse of a non-party acting in good faith. Magento has incurred unreimbursed expenses in voluntarily complying with the subpoena only to incur the additional expense of opposing two frivolous motions to compel. And sanctions are especially appropriate in light of Judge Castel's earlier admonition to Plaintiffs' counsel that "[p]rotection of non-parties from inconvenience and burden is one of the most important goals of Rule 45." Memorandum and Order, dated June 4, 2013 [Doc No. 43] at 2.

      I should also note that I conferred with Plaintiffs' counsel prior to preparing this letter in order to see if she would agree to cease her efforts to obtain further discovery from Magento in exchange for Magento's agreement not to pursue its fees. She declined. Of further note, during that conversation, Plaintiffs' counsel advised me that she would have served a new subpoena on Magento but did not because she believed that discovery was closed and a new subpoena would have required leave of court. In doing so, Plaintiffs' counsel admits that she was aware of the proper procedure for seeking the documents that were the subject of her motion to compel, but instead chose to move on the old subpoena anyway. Like counsel's confessed ignorance, expedience cannot excuse the admitted breach of her duty to confirm that her motion was warranted by existing law.

      Respectfully submitted,

Patrick J. Sweeney

PJS:vlb

cc: All Counsel of Record (via ECF)

#29556126_v3