```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -:
ALEXANDER INTERACTIVE, INC.,            : 12 Civ. 6608 (PKC) (JCF)
ALEXANDER SCHMELKIN, and JOSH           :
LEVINE,                                 :           MEMORANDUM
                                        :           AND  ORDER
               Plaintiffs,              :
                                        :
     - against -                        :
                                        :
ADORAMA, INC., ADORAMA ENTERPRISES      :
LLC, EUGENE MENDLOWITS, and MENDEL      :
MENDLOWITS,                             :
                                        :
               Defendants.              :
- - - - - - - - - - - - - - - - - - - -:
MENDEL MENDLOWITS, ADORAMA              :
ENTERPRISES LLC, ADORAMA, INC., and     :
EUGENE MENDLOWITS,                      :
                                        :
               Counter Claimants,       :
                                        :
     - against -                        :
                                        :
ALEXANDER INTERACTIVE, INC, JOSH        :
LEVINE, and ALEXANDER SCHMELKIN,        :
                                        :
               Counter Defendants.      :
- - - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

"You're an asshole, Dan" is not how an attorney should address her adversary. Nor is it proper professional conduct for a lawyer to make a surreptitious tape recording of her conversation with an opposing expert while he is performing a forensic examination. In this case, plaintiffs' attorney, Denise Savage, is alleged to have done both.

1

Background

This case arises from a contract pursuant to which Adorama, Inc. ("Adorama"), an electronics retailer, engaged Alexander Interactive, Inc. ("AI") to develop a new website. The project did not go smoothly, and the relationship between the parties ultimately broke down. AI sued, alleging breach of contract and misappropriation of its proprietary software; it later added claims of defamation. Adorama counterclaimed, alleging that AI wrongfully terminated the contract, failed to meet deadlines, misrepresented its capabilities, and delivered substandard work.

Discovery has been contentious. On January 6, 2014, I issued a Memorandum and Order that, among other things, authorized Adorama to engage an expert to conduct a forensic examination of certain aspects of AI's computer system. Alexander Interactive, Inc. v. Adorama, Inc., No. 12 Civ. 6608, 2014 WL 61472, at *7 (S.D.N.Y. Jan. 6, 2014). Following a partial inspection by the expert, Adorama's counsel, Daniel J. Brown, sent an e-mail to Ms. Savage asserting that, because the plaintiffs had advised Adorama's expert that two of AI's hard drives had been damaged or "wiped" and no longer contained relevant data and the expert was unable to access backup information because of poor internet connectivity on site at AI, the continued inspection scheduled for the following day would not go forward as planned. (E-mail of Daniel J. Brown dated April

23, 2014, attached as part of Exh. A to Letter of Daniel J. Brown dated April 25, 2014 ("Brown Letter"). Ms. Savage responded, disputing her adversary's assertions. She concluded as follows:

> You're an asshole dan. I have everything taped. And yes, under ny law and the rules of professional conduct, it's allowed. If you think you're going to sully my clients with your fictions, you're a fool. If you try any shit with the court, I welcome it. We have provided all requested data, all requested backups and have provided it in an orderly and accessible manner, unlike your clients.
>
> Don't fuck me. I'm done with your unethical behavior. Any motions by you, if you're trying to build a case for some unmeritorious motion to deflect from your clients' unethical behavior, will include my recordings from today.
>
> Please govern yourself accordingly.

(E-mail of Denise Savage dated April 24, 2014 ("Savage E-mail"), attached as part of Exh. A to Brown Letter).

By letter dated April 25, 2014, Mr. Brown brought this conflict to my attention. He asks that Ms. Savage be admonished for her use of profanity toward opposing counsel. (Brown Letter at 2). He further contends that the tape recording of Adorama's experts was improper and requests an order requiring Ms. Savage to produce the original recording and any other surreptitious recordings she may have made. (Brown Letter at 2-3).

Ms. Savage responded, apologizing for her use of vulgarities. (Letter of Denise L. Savage dated April 25, 2014 ("Savage Letter")

3

at 2). She attributed her conduct to being tired and angry, but she also argued that Mr. Brown had engaged in inappropriate and intimidating behavior during meet and confer sessions and depositions by shouting at her and telling her to "shut up." (Savage Letter at 2-3). She attached deposition transcripts to her letter and offered to provide videotapes of the depositions for my review. (Savage Letter at 3).

With respect to the surreptitious tape recording, Ms. Savage stated, "I can represent to this Court, under penalty of perjury, that no such taping took place." (Savage Letter at 3). She went on to explain that "[m]y purpose in stating that the conversation was taped was to compel honest conduct by Mr. Brown, his clients and their experts." (Savage Letter at 3). Further, Ms. Savage argued that, even if she had made such a recording, it would not have been a violation of professional ethics. (Savage Letter at 4-5).

Discussion

A. Intemperate Language

Although federal courts do not generally enforce state bar disciplinary rules, they have the inherent power to address attorney misconduct that occurs during the course of litigation. See In re Snyder, 472 U.S. 634, 645 n.6 (1985); United States v. Seltzer, 227 F.3d 36, 40-42 (2d Cir. 2000); Handschu v. Police

4

Department of the City of New York, 679 F. Supp. 2d 488, 501-03 (S.D.N.Y. 2010).  In doing so, they often look to the standards of professional conduct in the state where the federal court sits.  See Coggins v. County of Nassau, 615 F. Supp. 2d 11, 30 n.8 (E.D.N.Y. 2009); Richards v. City of New York, No. 97 Civ. 7990, 2000 WL 130635, at *4 (S.D.N.Y. Feb. 2, 2000).  Rule 8.4(h) of the New York Rules of Professional Conduct (formerly Disciplinary Rule ("DR") 1-102(A)(7) of the New York Code of Professional Responsibility) provides that "[a] lawyer or law firm shall not engage in any [] conduct that adversely reflects on the lawyer's fitness as a lawyer."  Similarly, Rule 8.4(d) (formerly DR 1-102(A)(5)) proscribes "conduct that is prejudicial to the administration of justice."  It is well-established that the use of vulgar, insulting, and offensive language toward an adversary in litigation constitutes a violation of these rules.  See In re Chiofalo, 78 A.D.3d 9, 10-11, 909 N.Y.S.2d 36, 37 (1st Dep't 2010) (per curiam) (lawyer sent "hostile, obscene, and derogatory" communications to wife and her attorneys during divorce proceedings); In re Schiff, 190 A.D.2d 293, 294, 599 N.Y.S.2d 242, 242-43 (1st Dep't 1993) (per curiam) (counsel was intimidating and abusive and directed vulgar, obscene, and sexist epithets to adversary during deposition).

    The gravity of Ms. Savage's misconduct is mitigated somewhat by the fact that she has recognized the impropriety and has

5

apologized.  Furthermore, the suggestion that she was overwrought when she created the offending e-mail is corroborated by the fact that it was sent at 12:22 in the morning.  (Savage E-mail).  In the clear light of day, she might have used better judgment and pressed "delete" instead of "send."

On the other hand, Ms. Savage's contrition is undercut by her attempt to deflect blame to her adversary.  While I have reviewed the videotaped depositions as well as the transcript excerpts provided by counsel, I can find nothing that would support Ms. Savage's position.  To be sure, both counsel occasionally became heated during the examinations, but Mr. Brown's most strident behavior was to tell Ms. Savage, "Enough."  (Deposition of Tim Broder dated Oct. 28, 2013 ("Broder Dep."), excerpts attached as part of Exh. A to Letter of Matthew Sheppe dated May 8, 2014 ("Sheppe Letter"), at 309).  Moreover, Mr. Brown generally admonished Ms. Savage only when she appeared to coach a witness by making speaking objections or directed the witness not to answer even though no privilege was being asserted.  (Deposition of Alexander Schmelkin dated May 20, 2013, excerpts attached as part of Exh. A to Sheppe Letter, at 60-61, 240-41; Deposition of Joshua Levine dated May 13, 2013, excerpts attached as part of Exh. A to Sheppe Letter, at 41, 109-10; Deposition of Philip Cotty dated May 9, 2013, excerpts attached as part of Exh. A to Sheppe Letter, at

44-47; Broder Dep. at 114, 320).

Accordingly, Ms. Savage is cautioned that incivility among counsel will not be tolerated and that any similar misconduct in the future will warrant the imposition of sanctions, potentially including her being relieved from representing any party in this action.

B. Undisclosed Tape Recording

Had Ms. Savage made a tape recording of her conversation with the defendants' expert without disclosing that she was doing so, she would likely have violated Rule 8.4(c) of the New York Rules of Professional Conduct, which prohibits "conduct involving dishonesty, fraud, deceit or misrepresentation." Ms. Savage points out that, pursuant to Formal Opinion 2003-02, the Committee on Professional and Judicial Ethics of the Association of the Bar of the City of New York concluded that not all undisclosed recording by an attorney should be considered unethical. (Savage Letter at 4). However, the Committee "remain[ed] of the view . . . that undisclosed taping smacks of trickery and is improper as a routine practice." Formal Opinion 2003-02. At the same time, it acknowledged that "if undisclosed taping is done under circumstances that can be said to further a generally accepted societal good, it will not be regarded as unethical." Id. But Ms. Savage's alleged recording hardly seems to fit within this safe

7

harbor. She suggests that "the proposed taping of any conversation to compel an honest recitation of the Plaintiffs' conduct in this case by the Defendants' counsel is certainly a generally accepted societal good." (Savage Letter at 4). By this interpretation, the exception would swallow the rule, as counsel could always represent that their intent in making a surreptitious recording was to keep the adversary honest. The Committee Report provides much narrower examples of where undisclosed taping might be acceptable, including the investigation of ongoing criminal activity or significant misconduct or conversations with persons who had previously made threats against the attorney or a client. Formal Opinion 2003-02.

In any event, I need not determine the precise contours of the proscription against surreptitious recording; Ms. Savage has represented under penalty of perjury that, in fact, she did not make such a recording. (Savage Letter at 3). Rather, she pretended that she had recorded the conversation in order "to compel honest conduct by Mr. Brown, his clients and their experts." (Savage Letter at 3). This, however, is in itself an acknowledgment of having engaged in deceit and misrepresentation. Therefore, Ms. Savage is admonished to abide by her duty to deal with opposing counsel with candor. In addition, within ten days she shall produce any undisclosed recordings she has made or caused to be made in connection with this case or shall provide an

8

affidavit stating that none was made.

Conclusion

It is unfortunate that in the heat of litigation counsel sometimes act contrary to their better judgment and the standards of professional responsibility. I expect that Ms. Savage will comply with her obligations as discussed above and that there will be no further need to address her conduct.

SO ORDERED.

*James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         June 26, 2014

Copies mailed this date:

Denise L. Savage, Esq.
Savage & Associates, P.C.
400 Blinn Road
Suite 1010
Croton-on-Hudson, NY 10520

Kenneth P. Norwick, Esq.
Norwick, Schad & Goering
110 East 59th Street, 29th Flr
New York, NY 10022

Matthew H. Sheppe, Esq.
Daniel J. Brown, Esq.
Eric J. Vardi, Esq.
Reiss Sheppe LLP
425 Madison Ave.
New York, NY 10017

Patrick J. Sweeney, Esq.
Holland & Knight LLP
31 West 52nd St.
New York, New York 10019