```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-14-14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ALEXANDER INTERACTIVE INC., et al.,

                Plaintiffs,               12-cv-6608 (PKC)(JCF)

    -against-                            MEMORANDUM
                                                 AND ORDER

ADORAMA, INC., et al.,

                Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        In a written opinion, Magistrate Judge James C. Francis IV "cautioned" plaintiff's counsel, Denise Savage "that incivility among counsel will not be tolerated and that any similar misconduct in the future will warrant the imposition of sanctions . . . ." and "admonished [her] to abide by her duty to deal with opposing counsel with candor." Alexander Interactive, Inc. v. Adorama, Inc., No. 12-cv-6608 (PKC)(JCF), 2014 WL 2968528, at *3–4 (S.D.N.Y. June 26, 2014) (the "Mem. & Order"). Ms. Savage has timely objected. (Docket # 173.) Having considered the objections in their entirety, the Court concludes that there is no portion of the Magistrate Judge's Mem. & Order that was clearly erroneous or contrary to law. Rule 72(a), Fed. R. Civ. P.

        A few additional observations are in order. Familiarity with the entirety the Mem. & Order is assumed and, in particular, the e-mail of April 24, 2014, quoted therein.

        A lawyer may not be admitted to practice in this Court unless she has acknowledged familiarity with the New York Rules of Professional Conduct (the "N.Y. Rules"). Local Civil Rule 1.3(a). The Magistrate Judge correctly utilized the N.Y. Rules as a point of reference in considering the application of the inherent power of a Court to supervise and control

proceedings pending before it.[1] In doing so, the Magistrate Judge applied a standard of which the lawyer had notice.

Rule 8.4(d), N.Y. Rules, prohibits a lawyer from "engag[ing] in conduct that is prejudicial to the administration of justice. . . ." How then, does the conduct here prejudice the administration of justice?

The Federal Rules of Civil Procedure, the Local Rules of this Court and the Individual Practices of the judge, independently and in tandem, require cooperation between lawyers for clients who are adversaries in litigation. For example, Rule 26(f)(2), Fed. R. Civ. P., provides that "[t]he attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible . . . for attempting in good faith to agree on the proposed discovery plan. . . ." The parties are encouraged to reach factual stipulations and explore settlement. Rule 16(c)(2)(C) & (I), Fed. R. Civ. P. "Counsel are expected to cooperate with each other, consistent with the interests of their clients, in all phases of the discovery process and to be courteous in their dealings with each other, including in matters relating to scheduling and timing of various discovery procedures." Local Civil Rule 26.4. A certification is required of conferral in good faith before seeking court action on a discovery dispute. Rule 37(a)(1), Fed. R. Civ. P. The undersigned requires conferral on various matters, including the submission of a Joint Pre-Trial Order. (Individual Practices ¶¶ 1C, 4B, 4C, 5, available at http://nysd.uscourts.gov/cases/show.php?db=judge_info&id=910). Without cooperation among

---

[1] "A federal district court possesses broad inherent power to protect the administration of justice by levying sanctions in response to abusive litigation practices." Penthouse Int'l, Ltd. v. Playboy Enters., Inc., 663 F.2d 371, 386 (2d Cir. 1981) (citing Roadway Express, Inc. v. Piper, 447 U.S. 752 (1980)).

lawyers for clients who are in an adversarial position, civil cases in this Court could not proceed to a final and just conclusion.

Ours is an adversary system. Civility among those who represent clients with opposing interests is highly desirable and a matter of interest to Courts and the profession. See, e.g., New York State Standards of Civility, available at https://www.nycourts.gov/press/old_keep/stnds.shtml; Committee on Civility, Seventh Judicial Circuit, 1992 Final Report, available at https://www.ca7.uscourts.gov/civility.pdf. Yet not every act of incivility stands to prejudice the administration of justice. To prejudice the administration of justice, the conduct must, at a minimum, pose a substantial risk of seriously impeding cooperation between counsel without justification. The conduct at issue satisfies this standard.

Ms. Savage did not prejudice the administration of justice simply because her e-mail employed coarse language. She did not prejudice the administration of justice because she manifested a dislike of opposing counsel. She did prejudice the administration of justice because she hurled a personal invective at opposing counsel ("You're an a**hole dan") and a warning or threat ("Don't f**k me."). Ms. Savage's e-mail accused opposing counsel of "unethical behavior" but implied that the behavior would be exposed if, but only if, counsel filed a motion directed to her client's conduct.[2] It stated that she had recorded certain conversations with opposing counsel which she now concedes was not true.[3] It is not any single phrase in the email

---

[2] The email refers to "your unethical behavior." A threat to report misconduct presents special concerns not present with an actual report. ABA Formal Opinion 94-383. While not every violation of the N.Y. Rules falls within the ambit of the reporting requirement, knowledge of a violation that "raises a substantial question as to that lawyer's honesty, trustworthiness or fitness as a lawyer" must be reported Rule 8.3(a), N.Y. Rules. Where the misconduct is not within the mandatory reporting requirements of Rule 8.3(a), a threat to report opposing counsel may be inappropriate "if the disciplinary charges are not well founded in fact and in law, or if the threat has no substantial purpose or effect other than embarrassing, delaying or burdening the opposing counsel or his client, or prejudicing the administration of justice." ABA Formal Opinion 94-383.

[3] Rule 8.4(c), N.Y. Rules, prohibits a lawyer from "engag[ing] in conduct involving dishonesty, fraud, deceit or misrepresentation . . . ."

that stood to substantially impair future cooperation between counsel but the overall tone, context and content. The communication was abusive litigation conduct violating an established norm of professional conduct and, thus, it was conduct undertaken in bad faith.

And yet the Magistrate Judge let the matter go with a caution and admonishment.[4] The Judge acknowledged Ms. Savage's apology but noted that her "contrition is undercut by her attempt to deflect blame to her adversary." Mem. & Order, at *3. This Court has examined Ms. Savage's declaration which makes claims of provocations by opposing counsel and takes those claims into account in mitigation but concludes that they do not provide justification for her conduct.[5] In the realm of professional conduct, provocation is, at most, a mitigating circumstance and not a complete defense to wrongful conduct; the same is true under the Federal Sentencing Guidelines, U.S.S.G. § 5K2.10 (Nov. 1, 2013), and the rules of the Fifth Grade classroom.

The Court declines to modify or set aside any portion of the Memorandum and Order of June 26, 2014, and Ms. Savage's motion (Docket # 173) is DENIED.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
August 14, 2014

---

[4] The caution and admonishment are in the context of supervising and controlling the proceedings. The Mem. & Order did not purport to impose attorney discipline which may only be imposed by the Court's Grievance Committee. Local Civil Rule 1.5(a). In the context of an attorney discipline proceeding, lawyers in this District may be disciplined for a violation of the N.Y. Rules. Local Civil Rule 1.5(b)(5).

[5] The assertion is that opposing counsel "raised his voice to very high decibels and directed me to be quiet and/or 'shut up'." Savage Decl. ¶ 28; see, e.g., id. ¶¶ 15 ("yell"), 16 ("yelled and screamed"), 19 ("decibel level"), 20 ("yelled, including . . . 'shut up'."), 27 ("shut up"). Ms. Savage has tendered five DVDs from depositions taken in this case with a letter which is less than helpful in locating the instances of purported misconduct. Nevertheless, the Court has perused the videotapes and has been unable to find any substantial provocation.