UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
ALEXANDER INTERACTIVE, INC.,                      :     Case No. 12 CV 6608 (KPC)(JCF)
ALEXANDER SCHMELKIN and JOSH LEVINE :     ECF CASE
                                                                       :
       Plaintiff/Counterclaim Defendants,  :
                                                                       :
       -against-                                              :
                                                                       :
ADORAMA, INC., ADORAMA ENTERPRISES  :
LLC, EUGENE MENDLOWITS, AND MENDEL :
MENDLOWITS,                                                  :
                                                                       :
       Defendants/Counterclaim Plaintiff.   :
                                                                       :
------------------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SEALING ORDER

Defendants, by their attorneys, respectfully submit the following memorandum of law in further support of Non-Party Samsung Electronics America, Inc.'s ("Samsung") motion for a sealing order (Docket No. 199).

### FACTUAL BACKGROUND

Defendants respectfully refer the Court to Samsung's memorandum of law in support of its motion for the background facts concerning this motion. On August 14, 2014, Plaintiffs advised Defendants that Plaintiffs intended to file documents bearing the Bates Stamp Nos. SEA00000001- SEA00000008 with the Court, which documents -- the Master Camera Purchase Agreement ("MCPA") between Samsung and Adorama, and the first amendment to that agreement – were designated as Highly Confidential by Samsung pursuant to the Confidentiality Order in this case. *See August 21, 2014 Declaration of Matthew Sheppe ("Sheppe Decl.")* ¶ 2.[1]

---

[1] Defendants note that they first received a copy of the Samsung production yesterday, although it appears that this production contains the same documents that Defendants produced as part of their own production. *Sheppe Decl.* ¶ 3.

Defendants produced the same documents as part of their production.[2]  *Id.* ¶ 3.  Defendants' counsel spoke further with Plaintiffs' counsel on this matter on or about August 20, 2014, wherein Plaintiffs' counsel indicated Plaintiffs would not object to Adorama's application to have these documents (whether taken from Samsung's production or Defendants' production) filed under seal to the extent Plaintiffs do file such documents.[3]  *Id.* ¶ 4.  As set forth more fully in the accompanying August 21, 2014 Declaration of Harry Drummer ("Drummer Aff."), Adorama believes these documents contain proprietary information, the public disclosure of which could harm Adorama's interests.  *Drummer Aff.* ¶¶ 4-6.  Adorama also is concerned that the public disclosure of this information will harm its relationship with Samsung, and potentially other suppliers, if it turns out this contract and its terms are made public.  *Id.*

## ARGUMENT

### I. LEGAL STANDARD FOR FILING UNDER SEAL

The Second Circuit in *Lugosch v. Pyramid Co. of* Onondoga, 425 F.3d 110, 119-20 (2d Cir. 2006) set forth a three step analysis to determine whether a document may be filed under seal.  First, the court must determine if the document is a "judicial document", that is the document must be "…relevant to the performance of the judicial function and useful in the judicial process".  *Lugosch*, 425 F.3d at 119.  If it is a judicial document, then the Court must determine the weight of the presumption of access to the document, on a scale between directly affecting adjudication to matters that come within a court's purview solely to insure their irrelevance.  *Id. citing United States v. Amodeo* 71 F.3d 1044, 1049 (2d Cir. 1995).  After determining the weight of the presumption of access, the Court must balance it against

---

[2] For ease of reference, although these documents were also produced as part of Defendants' document production, Defendants will to refer to the documents using the SEA00000001-SEA00000008 bates range.
[3] In an effort to streamline this process, Defendants have opted to simply join in Samsung's application, rather than file their own separate motion seeking identical relief.

competing interests, including privacy interests. *Lugosch*, 425 F.3d at 120.

As noted in Samsung's motion, courts have sealed documents where proprietary/privacy interests in keeping the document sealed outweighed the presumption of public access. *See GoSMILE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F.Supp.2d 630, 649-50 (S.D.N.Y. 2011)(Castel, J.)(allowing proprietary material concerning marketing strategies, product development, costs and budgeting to be filed under seal as the privacy interests outweighed the presumption of public access).

## II. ADORAMA'S PROPRIETARY AND FINANCIAL INTERESTS OUTWEIGH THE DISCLOSURE OF THESE DOCUMENTS

The MCPA and the first amendment thereto contain non-public information that is proprietary to Adorama (and Samsung), and the public disclosure of this information could harm Adorama financially and put it at a competitive disadvantage. Were the public to have access to this information it would harm Adorama in ways similar to those addressed by Samsung in its motion, that is, it would put Adorama at a competitive disadvantage if its competitors knew what Adorama's contractual terms were with Samsung. It would also damage Adorama's ability to negotiate with other suppliers, if those suppliers knew Adorama's contractual terms with Samsung and/or knew that their contractual agreements were potentially going to be made public. In this same vein, publication of this information would impact Adorama's relationship with Samsung. *See GoSMILE*, 769 F.Supp.2d at 649.

Moreover, the public's interest in having access to these documents is minimal at best. The case concerns claims between Adorama and AI related to a breach of contract between them, copyright infringement and defamation. None of these claims involve Samsung or the MCPA and its amendments. Even Plaintiffs have indicated that the sole purpose of filing these documents is to support an application for additional discovery from other parties. As such,

Defendants respectfully submit that these documents cannot be found to be "…important in understanding the issues to be presented by the parties" *Strauss v. Credit Lyonnais, S.A.*, 2011 WL 4736359, at *5 (E.D.N.Y. Oct. 6, 2011), and as such, Adorama's and Samsung's privacy interests far outweigh the public's right to access these documents.

## CONCLUSION

For the forgoing reasons, and as set forth in Samsung's moving papers, Defendants respectfully request that the Court grant Samsung's motion to allow the MCPA and its amendments to be filed under seal to the extent Plaintiffs file them with the Court.

Dated:  New York, New York
        August 21, 2014

**REISS SHEPPE LLP**

By: _____
    Matthew Sheppe (MS-9406)
    Daniel J. Brown (DB-7458)
425 Madison Avenue, 19th Floor
New York, New York 10017-1110
(212) 753-2424

*Attorneys for Defendants and Counterclaim Plaintiffs*