```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
ALEXANDER INTERACTIVE, INC.,         : 12 Civ. 6608 (PKC) (JCF)
ALEXANDER SCHMELKIN, and JOSH        :
LEVINE,                              :       MEMORANDUM
                                     :       AND   ORDER
              Plaintiffs,            :
                                     :
     - against -                     :
                                     :
ADORAMA, INC., ADORAMA ENTERPRISES   :
LLC, EUGENE MENDLOWITS, and MENDEL   :
MENDLOWITS,                          :
                                     :
              Defendants.            :
- - - - - - - - - - - - - - - - - - -:
MENDEL MENDLOWITS, ADORAMA           :
ENTERPRISES LLC, ADORAMA, INC., and  :
EUGENE MENDLOWITS,                   :
                                     :
              Counter Claimants,     :
                                     :
     - against -                     :
                                     :
ALEXANDER INTERACTIVE, INC, JOSH     :
LEVINE, and ALEXANDER SCHMELKIN,     :
                                     :
              Counter Defendants.    :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

Plaintiffs Alexander Interactive, Inc., Alexander Schmelkin, and Josh Levine (collectively, "Alexander Interactive") plan to file a discovery motion supported in part by certain documents produced by non-party Samsung Electronics America, Inc. ("Samsung") pursuant to a subpoena. Samsung designated the relevant eight pages -- comprising a "Master Camera Purchase Agreement" between Samsung and defendant Adorama, Inc. ("Adorama") and certain pages of an amendment to that agreement -- "Highly Confidential" pursuant to the Confidentiality Order filed in this case, which allows that designation for material that includes

1

> particularly sensitive information in the nature of[,] [among other things,] commercial or financial information (e.g., confidential financial and sales information, confidential marketing plans, confidential consumer identity and 'contact' persons and the similar information), the disclosure of which the Producing Party reasonably and in good faith believes is likely to have the effect of harming the Producing Party.

(Confidentiality Order and Stipulation and Addendum ("Confidentiality Order") §§ 1, 3). The Addendum to the Confidentiality Order prohibits any submission from being filed under seal unless the standard outlined in <u>Lugosch v. Pyramid Co. of Onandaga</u>, 435 F.3d 110 (2d Cir. 2006), has been met. (Confidentiality Order, Addendum). Samsung now seeks an order requiring that, when these documents are filed in connection with Alexander Interactive's contemplated motion, they be filed under seal. (Declaration of Kenneth Murata dated Aug. 13, 2014 ("Murata Decl."), ¶¶ 2-3; Declaration of Michael N. Mulvania dated Aug. 13, 2014, ¶ 3). Adorama agrees that the documents should be filed under seal. (Memorandum of Law in Support of Motion for Sealing Order ("Adorama Memo.") at 3-4). Alexander Interactive does not object to Samsung's application. (Plaintiffs' Response to Samsung Electronics' [sic] of America, Inc's [sic] Motion for Sealing Order, ¶ 13).

<u>Discussion</u>

Recognizing that the deeply-rooted "common law right of public access" creates a presumption that "judicial documents" will be publicly filed, the Second Circuit in <u>Lugosch</u> set forth a test for analyzing whether a document connected with a lawsuit may nevertheless be sealed. <u>Lugosch</u>, 435 F.3d at 119-20. First, the

2

court must determine whether the document at issue is a "judicial document" -- that is, a document that is "relevant to the performance of the judicial function and useful in the judicial process." Id. at 119 (quoting United States v. Amadeo, 44 F.3d 141, 145 (2d Cir. 1995)); accord Schiller v. City of New York, Nos. 04 Civ. 7921, 04 Civ. 7922, 2006 WL 2788256, at *3 (S.D.N.Y Sept. 27, 2006). If it is, the court must evaluate the weight to be accorded the presumption of public access, "that is, whether the presumption is an especially strong one that can be overcome only by extraordinary circumstances or whether the presumption is a low one that amounts to little more than a prediction of public access absent a countervailing reason or whether the presumption is somewhere in between." Stern v. Cosby, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007) (internal quotation marks omitted) (citing Lugosch, 435 F.3d at 119; United States v. Amadeo, 71 F.3d 1044, 1050 (2d Cir. 1995) ("Amadeo II")). Finally, "competing considerations," which include "the danger of impairing judicial efficiency and the privacy interests of those resisting disclosure," must be balanced against the presumption of access. Id. (internal quotation marks omitted) (citing Lugosch, 435 F.3d at 120; Amadeo II, 71 F.3d at 1050).

Here, the documents to be submitted are in support of a motion to compel discovery and presumably will be necessary to or helpful in resolving that motion.[1] They are, therefore, judicial

---

[1] In performing this analysis, I am disadvantaged by the fact that I have not seen the motion and its supporting documents. However, the Confidentiality Order does not appear to require, as

documents.  See Schiller, 2006 WL 2788256, at *4-5 (finding that briefs and supporting papers presented as part of motion are judicial documents); accord In re Omnicom Group, Inc. Securities Litigation, No. 02 Civ. 4483, 2006 WL 3016311, at *2 (Oct. 23, 2006) (finding letter briefs with accompanying exhibits submitted in support of motion to compel "certainly qualify as judicial documents").

However, the weight of the presumption is not particularly great.  The documents are not to be submitted in connection with a dispositive motion, but merely a motion to compel further discovery from a party.  See Stern, 529 F. Supp. 2d at 422 ("[E]ven if the [document] is filed for purposes of a motion to compel, the presumption that would attach to the transcript would be low.  On any such motion, I would not be making any decision on the merits, but I would simply be reviewing excerpts of [the document] to resolve a discovery dispute.").  The motion to compel will not be directed at Samsung (Mulvania Decl., ¶ 3), and there is no indication that the information in these documents is relevant to the claims asserted by Alexander Interactive and Adorama against each other, including breach of contract, copyright infringement, and defamation.  Cf. In re Omnicom, 2006 WL 3016311, at *4 (denying motion to seal where information sought to be filed under seal included "facts pertinent to th[e] claims in th[is] case" and therefore "inevitably [would] be made . . . public" during the

---

support for an application to seal, in camera review of the relevant documents or any motion or application to which they are related.  (Confidentiality Order, ¶ 10 & Addendum).

4

course of litigation). In this situation, the presumption in favor of public access is weak.

Finally, Samsung and Adorama have presented persuasive reasons that the document should remain non-public. Samsung is a non-party to this litigation, and the documents contain confidential information about its relationship with its dealer-customer, defendant Adorama. (Memorandum of Law in Support of Non-Party Samsung Electronics America, Inc.'s Motion for Sealing Order ("Samsung Memo.") at 3-4). This includes non-public information about pricing, credit, and termination terms, which, if made public, could adversely effect Samsung's relationships with other dealer-customers, as well as Adorama's relationships with other suppliers. (Samsung Memo. at 3; Murata Decl., ¶ 6; Adorama Memo. at 3; Declaration of Harry Drummer dated Aug. 21, 2014, ¶ 5). Indeed, the documents include information that was sufficiently sensitive for Samsung to designate them Highly Confidential, a label that has not been questioned notwithstanding a provision in the Confidentiality Order allowing challenges to such a designation. (Confidentiality Order, ¶ 9). I therefore find that the interests of Samsung and Adorama in keeping the content of these documents confidential outweigh the public interest in access to judicial documents.

<u>Conclusion</u>

For these reasons, Samsung's motion for a sealing order (Docket no. 198) is granted. If and when the documents Bates stamped SEA000001 to SEA0000008 are submitted in connection with

5

the plaintiff's contemplated motion to compel, they shall be filed under seal.

                SO ORDERED.

                JAMES C. FRANCIS IV
                UNITED STATES MAGISTRATE JUDGE

Dated:    New York, New York
           September 2, 2014

Copies mailed this date:

Denise L. Savage, Esq.
Savage & Associates, P.C.
400 Blinn Road
Suite 1010
Croton-on-Hudson, NY 10520

Kenneth P. Norwick, Esq.
Norwick, Schad & Goering
110 East 59th Street, 29th Flr
New York, NY 10022

Matthew H. Sheppe, Esq.
Eric J. Vardi, Esq.
Daniel J. Brown, Esq.
Reiss Sheppe LLP
425 Madison Ave.
New York, NY 10017

Ian C. Richardson, Esq.
Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036